IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BELINDA D. ATTWOOD,           )
ROBERT R. ATTWOOD, her husband, )
individually and as parents and natural )
guardians of WESLEY R. ATTWOOD, )
a minor,                      )
                              )      2:06cv218
          Plaintiffs,         )      Electronic Filing
                              )
     v.                       )
                              )
PETERS TOWNSHIP, ROBERT J. LEWIS,)  Judge Cercone
JACQUELINE L. CAMPBELL,       )      Magistrate Judge Hay
ROBERT L. ATKINSON,           )
DANIEL P. MCMENAMIN,          )
WILLIAM R. NAUMOFF,           )
MICHAEL J. NEVILLE, and       )
JAMES E. SCHAFER, Councilpersons of )
Peters Township, PETERS TOWNSHIP )
POLICE DEPARTMENT,            )
HARRY J. FRUECHT, Chief of Peters )
Township Police Department,   )
OFFICER MARK E. MADEY,        )
SERGEANT DONALD F. HEINLEIN,  )
OFFICER GERALD W. CHESNIC,    )
PETERS TOWNSHIP AMBULANCE     )
SERVICE, BRIAN SHUGAR,        )
WALTER PILOF, ANTHONY CHAO,   )
JEREMY ACKER,                 )
                              )
          Defendants.         )

## MEMORANDUM ORDER

AND NOW, this __30__ day of January, 2007, after de novo review of the record and upon

due consideration of the magistrate judge's report and recommendation filed on November 13,

2006, and plaintiffs' objections thereto, IT IS ORDERED that the Motion to Dismiss filed by

defendants, Peters Township, the Councilpersons of Peters Township, Peters Township Police

Department and the individual police officers (Doc. No. 26)  be, and the same hereby is, granted;

The magistrate judge's report and recommendation (Doc. No. 32) as augmented herein is adopted

as the opinion of the court.

Plaintiffs' objections are without merit.  First, plaintiffs' offensive reliance on Judge

Pozonsky's January 11, 2005, determination in Belinda Attwood's License Suspension Appeal

that "the police officer did not have probable cause to believe that [Attwood] was under the influence of alcohol" is misplaced. "In determining the collateral estoppel effect of a state proceeding, a federal court must apply the law of the state where the criminal proceeding took place and must also ascertain whether the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue decided in the state court." Looney v. City of Wilmington, Delaware, 723 F. Supp 1025, 1033 (D. Del. 1989) (citing Anela v. City of Wildwood, 790 F.2d 1063, 1068 (3d Cir.), cert. denied, 479 U.S. 949 (1986).

Pennsylvania permits collateral estoppel if: (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. M.B. v. City of Philadelphia, 128 Fed. Appx. 217, 224 (3d Cir. 2005) (citing Stidham v. Millville Sportsmen's Club, 421 Pa. Super. 548, 618 A.2d 945, 954 (1992)). Several of these requirements are absent.

A final judgement on the merits was never reached in Belinda Attwood's License Suspension Appeal. While Attwood did obtain a favorable ruling from Judge Pozonsky at the first level of the appeals process, the Pennsylvania Department of Transportation filed an appeal from that decision. It was then ordered to file a concise statement of facts in support of the appeal, which it failed to do, apparently due to outside counsel's neglect. As a result, the appeal was dismissed by the Court of Common Pleas of Washington County and the Commonwealth Court for failure to perfect the appeal in a timely manner. An intermediate ruling that was followed by an abandonment of the administrative proceeding is something short of a final judgement on the merits. See Bilida v. McCleod, 211 F.3d 166, 170 ( 1st Cir. 2000) (noting that an intermediate ruling leading to the abandonment of a state prosecution arguably does not result in a final judgement on the merits).

None of the defendants were parties to or in privity with a party in Belinda Attwood's License Suspension Appeal. A license suspension proceeding was initiated by the Pennsylvania

2

Department of Transportation ("DOT") based on Belinda Attwood's alleged refusal to submit to a blood chemical analysis on the day in question. Attwood appealed from an adverse decision at the administrative level. The DOT is not a defendant to the instant action nor did it have control over any of the defendants named in the instant action. As an agency of the Commonwealth, the DOT is not even equivalent to the prosecutorial arm of Pennsylvania.

None of the defendants in this action had a right to participate in or define the contours and content of the administrative proceeding initiated by the DOT or any appeals therefrom. Of course, plaintiffs cannot sue the Commonwealth for the initiation of Driving Under the Influence charges or the License Suspension proceeding commenced by the DOT. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Nor can they sue any of the individuals involved in those proceedings in their official capacity for a declaration of past violations of constitutional rights and money damages. Id. Their recourse is to sue private "persons" within the meaning of section 1983, which they have done.

There is ample authority to support the proposition that state actors qualifying as private "persons" under section 1983 are not parties to a state criminal proceeding or even in privity with the state in conjunction with a criminal prosecution. See Duncan v. Clements, 744 F.2d 48, 51 (8th Cir. 1984) ("We hold that collateral estoppel is not appropriate in this case because [officer] Schaeffer, the party against whom the collateral estoppel is asserted, was neither a party nor in privity with a party to the prior state criminal proceeding. ... The State of Missouri, not Schaeffer, was a party to Duncan's criminal prosecution."); Kinslow v. Ratzlaff, 158 F.3d 1104, 1106 (10th Cir. 1998) (arresting officers were neither parties to the prior state criminal prosecution nor in privity with the State of Oklahoma) (collecting cases in support); Cf. Simmons v. Pryor, 26 F.3d 650, 653 (7th Cir. 1993) (the Supreme Court's decision in Malley v. Briggs, 475 U.S. 335, 345 (1986), precludes a district court from giving preclusive effect to a state judge's findings in prior criminal prosecution in a subsequent section 1983 action seeking redress for an arrest pursuant to warrant allegedly issued without probable cause). As a result, section 1983 defendants sued in their individual capacity are not bound by adverse determinations to the state in prior criminal cases. Bilida, 211 F.3d at 170. "The reason is that the interests and incentives of the individual

3

police or officials are not identical to those of the state, and the officers normally have little control over the conduct of the criminal proceeding." Id. at 170-71.

Because the defendants in the instant action were not parties to nor had any control over the administrative license suspension proceeding commenced by the DOT, they were not afforded a full and fair opportunity to litigate the issue of whether probable cause existed to arrest Belinda Attwood for driving under the influence at the time she was placed under arrest. This lack of an opportunity provides yet another bar to plaintiffs' attempt at offensive collateral estoppel. See Looney, 723 F. Supp. at 1033 (A party cannot utilize offensive collateral estoppel where the party against whom preclusion is sought "could not, as a matter of law, have obtained review of the judgment in the initial action" (quoting Restatement (Second) of Judgments § 28(1) (1982) and citing in support Edwards v. Boeing Vertol Company, 750 F.2d 13, 15 (3dCir.1984)); Duncan, 744 F.2d at 52 ("Schaeffer's role at the suppression hearing was simply that of a witness for the prosecution. He could not have appealed the state's decision on the motion to suppress and he had no control over the prosecutor's decision to enter a nolle prosequi on the criminal charge. We hold, therefore, that Schaeffer did not have a full and fair opportunity to litigate at the suppression hearing the constitutionality of the December 11, 1980 arrest and search of Duncan and seizure of items from him."); Smith v. Holtz, 30 F. Supp.2d 468, 477 (M.D. Pa. 1998) (same).

It is thus clear that defendants' motion to dismiss requires this court to evaluate independently the sufficiency of plaintiffs' allegations and plaintiffs' ability to prove any element or essential fact needed to sustain the liability they seek to impose based on the record as presented. While Judge Pozonsky's determination does provide some evidence that the officers' lacked probable cause to arrest Belinda Attwood, it is by no means dispositive of that initial threshold issue. Furthermore, the current record appears to contain extensive information that was not made available to Judge Pozonsky and as aptly explained by the magistrate judge, it cannot be said on the record even at this juncture that the officers lacked probable cause to make the arrest at the point when it was made. If fact, there was an abundance of articulable facts to support a finding of probable cause to believe Belinda Attwood was driving under the influence

4

of some substance. See Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995) (Probable cause exists when the facts and circumstances within an officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed.). It follows that plaintiffs' false arrest, malicious prosecution and excessive force claims against the individual police officers properly must be dismissed.

It likewise follows that plaintiffs' characterization of their substantive Due Process claim at paragraph five of their objections is wide of the mark. The issue is whether the defendants' course of conduct in sending Wesley for medical treatment to Canonsburg General Hospital can be found to shock the judicial conscience when Attwood (1) was unaware she had been in a serious accident, (2) was complaining of head pain, (3) was unaware that she remained constrained by her seatbelt, (4) couldn't follow simple instructions on how to detach the seatbelt, (5) was having difficulty comprehending what the paramedics were saying to her, (6) was unsteady upon exiting her vehicle, (7) had difficulty stepping over a six to eight inch guide rail, and (8) reportedly had not been acting normal earlier and experienced difficulty going down the stairs that day. In other words, can the officers' collective decision to send Wesley for medical treatment to a hospital which Belinda Attwood did not approve, which decision was implemented after sufficient facts had arisen to believe Belinda Attwood was under the influence of some substance affecting her judgment, be said or held to shock the judicial conscience? Because the answer is an unequivocal no, this court in good conscience cannot permit the claim to proceed.

Finally, it must be emphasized the subjective motive of any one or more of the officers at the scene is irrelevant to an objective analysis of whether their conduct could have violated the plaintiffs' constitutional rights. See United States v. Johnson, 63 F.3d 242, 245-46 (3d Cir. 1995) ("analysis of Fourth Amendment issues involves 'an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time' and not on the officer's actual state of mind at the time the challenged action was taken.") (quoting Maryland v. Macon, 472 U.S. 463, 470-71 (1985)). Thus, as long as the officers' intrusion was based upon articulable facts and reasons that objectively provide legal justification for their action, the intrusion cannot

be held to be unconstitutional based upon the subjective motivation or perception of any officer in question.  Johnson, 63 F.3d at 246 ("the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action so long as the circumstances, viewed objectively, justify that action.") (quoting Scott v. United States, 436 U.S. 128, 138 (1978)). Consequently, plaintiffs' effort to whitewash the event with the taint of improper motive is unavailing.[1]



David Stewart Cercone
United States District Judge

cc:     Honorable Amy Reynolds Hay
        United States Magistrate Judge

        Charles L. Bell, Jr., Esquire
        Bell Law
        1725 Fifth Avenue
        Arnold, PA 15068

        Donald G. Lucidi, Esquire
        Peter J. Taylor, Esquire
        Murphy Taylor, LLC
        326 Third Avenue
        Pittsburgh, PA 15222

        Avrum Levicoff, Esquire
        Melissa A. Walls, Esquire

---

[1]Similarly unavailing is plaintiffs' apparent contention in paragraph eight of their objections that they may advance a claim by merely averring a series of legal or quasi-legal conclusions. See Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997) ("a court need not credit a complaint's 'bald assertions' or 'legal conclusion' when deciding a motion to dismiss.") (citations omitted).  In ruling on a 12 (b)(6) motion courts consistently have rejected "legal conclusions," "unsupported conclusions," "unwarranted inferences," "unwarranted deductions," "footless conclusions of law" or "sweeping legal conclusions cast in the form of factual allegations." Id. at n.8 (citing in support Charles Allen Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997), Leeds v. Meltz, 85 F.2d 51, 53 (2d Cir. 1996) ("while the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice") and Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.")).

Levicoff, Silko & Deemer
650 Smithfield Street
Suite 1900
Pittsburgh, PA 15222-3911